FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JUN 10 A 10: 50

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHN F. TOMASIC and
KATHERINE HOOVER,

   Plaintiffs,

v.             CIVIL ACTION NO.: CV213-025

OCEAN BOUNTY SEAFOOD
PROPERTY; WILLIAM WALLACE;
and JUDGE JAY STEWART,

   Defendants.

## ORDER

Plaintiffs, proceeding pro se, filed this complaint on February 19, 2013. Defendants have moved for a dismissal of Plaintiffs' claim.

The Court is reluctant to rule on said motion without receiving a response from the Plaintiffs or insuring that Plaintiffs are advised of the potential ramifications caused by their failure to respond. Once such a motion is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiffs in this case are *pro se* litigants. Haines v. Kerner, 404 U. S. 519, 520 (1972). When a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiffs as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiffs either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-

AO 72A
(Rev. 8/82)

37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[1] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiffs ever were made aware of it prior to dismissal. <u>Pierce v. City of Miami</u>, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiffs are hereby **ORDERED** to file any objections to the Defendants' motion for a dismissal, or to otherwise inform the court of their decision not to object to Defendants' motion within twenty-one (21) days of the date of this Order. <u>Tazoe</u>, 631 F.3d at 1336 (advising that a court can not dismiss an action without employing a fair procedure). Should Plaintiffs not timely respond to Defendants' motion, the Court will determine that there is no opposition to the motion. <u>See</u> Local Rule 7.5. In order to assure that Plaintiffs' response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to attach a copy of Rule 41, FED. R. CIV. P., as well as Rule 12, FED. R. CIV. P., to the copy of this Order that is served on the Plaintiffs.

**SO ORDERED**, this 10th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 7.5 states:

> Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. <u>Failure to respond shall indicate that there is no opposition to a motion.</u> (emphasis added).

AO 72A
(Rev. 8/82)